# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-224V
Filed: March 18, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| DOMINIQUE M. LEWIS, *as* * | UNPUBLISHED |
| *Administratrix of the Estate of* * | |
| JACQUELINE MARIE LEWIS, * | |
| *Deceased*, * | Decision on Joint Stipulation; Guillain- |
| * | Barré Syndrome ("GBS"), Chronic |
| Petitioner, * | Inflammatory Demyelinating |
| v. * | Polyneuropathy ("CIDP"), Paraparesis, |
| * | Hypoxic Respiratory Failure, Ischemia, |
| SECRETARY OF HEALTH * | Myocardial Infarctions, Pleural Effusions, |
| AND HUMAN SERVICES, * | Pericardial Effusion, and Congestive Heart |
| * | Failure; Influenza ("Flu") Vaccine |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Bruce Slane, Esq.*, Law Office of Bruce W. Slane, PC, White Plains, NY, for petitioner.
*Amy Kokot, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On February 16, 2017, Dominique Lewis ("petitioner"), as administratrix of the estate of Jacqueline Lewis, ("Ms. Lewis"), deceased, filed a petition for compensation on behalf of Ms. Lewis under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that Ms. Lewis developed Guillain-Barré syndrome ("GBS"), chronic inflammatory demyelinating polyneuropathy ("CIDP"), paraparesis, hypoxic respiratory failure, ischemia, myocardial

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

infarctions, pleural effusions, pericardial effusion, and congestive heart failure after receiving the influenza ("flu") vaccine on October 16, 2015. Stipulation, filed March 18, 2019, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused petitioner's injuries. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On March 18, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payments:

1. **A lump sum of $180,000.00 in the form of a check payable to petitioner, Dominique Lewis, as administratrix of the estate of Jacqueline Lewis.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

2. **A lump sum of $12,158.69**, which represents reimbursement of a Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:

    Department of Medical Assistance Services
    Accounts Receivable Unit, TPLC, 8th Floor
    600 E. Broad Street
    Richmond, VA 23219
    Attn: Abbie Cooke
    Recovery Analyst
    Case Identification No. 031-021400-010

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| DOMINIQUE M. LEWIS, as Administratrix of the Estate of JACQUELINE MARIE LEWIS, Deceased, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-224V (ECF) <br> Special Master Roth |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Dominique M. Lewis, petitioner, as administratrix of the estate of Jacqueline Marie Lewis ("Ms. Lewis"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ms. Lewis's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Lewis received a flu vaccine on or about October 16, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. Lewis suffered Guillain-Barré Syndrome ("GBS"), chronic inflammatory demyelinating polyneuropathy ("CIDP"), paraparesis, hypoxic respiratory failure, ischemia, myocardial infarctions, pleural effusions, pericardial effusion, and congestive heart failure. Ms. Lewis passed away on August 31, 2016.

1

Petitioner further alleges that Ms. Lewis's death was the sequela of her alleged vaccine-related injuries.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Lewis as a result of her alleged vaccine-related injuries and/or her death.

6. Respondent denies that the flu vaccine administered on or about October 16, 2015, caused Ms. Lewis to suffer GBS, CIDP, paraparesis, hypoxic respiratory failure, ischemia, myocardial infarctions, pleural effusions, pericardial effusion, congestive heart failure, and/or any other injury, and denies that Ms. Lewis's death was a sequela of her alleged vaccine-related injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $180,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b.    A lump sum of $12,158.69, which amount represents reimbursement of a Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:

> Department of Medical Assistance Services
> Accounts Receivable Unit, TPLC, 8th Floor
> 600 E. Broad Street
> Richmond, VA 23219
> Attn: Abbie Cooke
> Recovery Analyst
> Case Identification No. 031-021400-010

Petitioner agrees to endorse this check to the Department of Medical Assistance Services.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Ms. Lewis's estate under the laws of the Commonwealth of Virginia. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the legal representative of Ms. Lewis's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Ms. Lewis's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the estate of Ms. Lewis upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the legal representative of the estate of

3

Jacqueline Marie Lewis, on behalf of the estate and Ms. Lewis's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Lewis resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 16, 2015, as alleged in a petition for vaccine compensation filed on or about February 16, 2017, in the United States Court of Federal Claims as petition No. 17-224V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and that a change in the nature of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Lewis's alleged GBS, CIDP, paraparesis, hypoxic respiratory failure, ischemia, myocardial infarctions, pleural effusions, pericardial effusion, congestive heart failure, any other injury, or her death.

17. All rights and obligations of petitioner in her capacity as the legal representative of the estate of Jacqueline Marie Lewis shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of Ms. Lewis's estate.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature: Dominique Lewis]*
DOMINIQUE M. LEWIS

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
BRUCE W. SLANE
Law Office of Bruce W. Slane, P.C.
188 East Post Road
Suite 205
White Plains, NY 10601
Tel: (914) 269-2010

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
AMY P. KOKOT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4118

Dated: 3/18/2019